TREG R. TAYLOR
ATTORNEY GENERAL

Mandee S. Mlcek (Alaska Bar No. 1911099)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5190
Facsimile: (907) 258-0760
Email: mandee.mlcek@alaska.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SERENA JOSEPH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF CORRECTIONS, ) <br> ET. AL, FAINUULELEI ET. AL, A. ) <br> MCCARTER ET. AL, T. JOHNSON ET. ) <br> AL, S. WOOD ET. AL, G. JOHNSON ) <br> ET. AL, R. MASEULI ET. AL, ) <br> ) <br> Defendants. ) | Case No.: 3:20-cv-00294-SLG-DMS <br><br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |

Defendants Alaska Department of Corrections, Superintendent Gloria Johnson,

Correctional Officer Angelina Fainuulelei, Sergeant Ty Johnston,

Sergeant Roberta Maseuli, Division Operations Manager Sidney Wood,

Sergeant Steven West, Lieutenant Clifton Booher, and Sergeant Anita McCarter oppose

plaintiff Serena Joseph's Motion for Appointment of Counsel[1] because she has not made

---

[1] Docket 15.

a showing of likelihood of success on the merits of her case, nor has she shown that exceptional circumstances necessitate the appointment of counsel. Accordingly, Ms. Joseph's motion should be denied.

"[I]t is well-established that there is generally no constitutional right to counsel in civil cases."[2] "There is also no constitutional right to appointed counsel to pursue a 1983 claim."[3] However, district courts have discretion, pursuant to 28 U.S.C. § 1915(e), to request attorney representation for indigent civil litigants upon a showing of exceptional circumstances.[4] "A finding of exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved."[5] "Neither of these factors is dispositive and both must be viewed together before reaching a decision."[6]

Ms. Joseph cannot show a likelihood of success on the merits. In her first claim, Ms. Joseph implies that the defendants' alleged failure to follow State of Alaska, Department of Corrections (DOC) policies and procedures, related to her filing

---

[2] *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir.1996) (citations omitted).

[3] *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.1997) (citations omitted).

[4] *See Agyeman v. Correctional Corporation of America*, 390 F.3d 1101, 1103 (9th Cir.2004) (citations omitted).

[5] *Agyeman*, 390 F.3d at 1103 (citation and inner quotations omitted).

[6] *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991) (citation omitted).

grievances, was retaliatory.[7] While Ms. Joseph expresses frustration with the prison grievance process and various prison security actions, she fails to show that in response to her grievance, any defendant took an adverse action against her that did not advance a legitimate goal of the correctional institution.

Ms. Joseph brings her second claim under the Fourteenth Amendment.[8] However, Ms. Joseph failed to specify which aspects of her first claim relate to her allegation that any defendant violated her civil rights under the Fourteenth Amendment.

Ms. Joseph's third claim alleges that defendants violated her access to the courts under the Sixth Amendment because DOC does not provide access to the Public Access to Court Electronic Records (PACER) system and CourtView Online Information for the Alaska Court System (CourtView) or a more expanded subscription to LexisNexis.[9] Ms. Joseph's opinion that the Hiland Mountain Correctional Center (HMCC) law library is subpar is insufficient evidence to establish that the law library is in fact inadequate or that Ms. Joseph has suffered actual injury. Thus, Ms. Joseph has failed to show a likelihood that she will succeed on the merits of any of her claims.

Ms. Joseph has not identified anything that makes her case "exceptional" or the issues complex. In fact, defendants note that the Court has already recognized

---

[7] Docket 3, page 5; Dockets 3-1 through 3-10.

[8] Docket 3, page 6.

[9] Docket 3, page 7 and Dockets 3-23 through 3-28.

Ms. Joseph's ability to adequately articulate plausible claims.[10] Her multiple filings in the early stage of litigation are indicative of Ms. Joseph's comprehension of the legal process and ability to follow federal rules. Ms. Joseph states that she needs an attorney because she believes the HMCC law library is inadequate and DOC has failed to tailor the law library to her specifications.[11] Ms. Joseph's reasoning fails to establish a complexity of issues in her case such that her case is an "exceptional" one that necessitates the appointment of counsel.

For the reasons described above, the Defendants respectfully request that the Court deny Ms. Joseph's Motion for Appointment of Counsel.

DATED: May 17, 2021.

                              TREG R. TAYLOR
                              ATTORNEY GENERAL

                              By:    /s/Mandee S. Mlcek
                                     Mandee S. Mlcek
                                     Assistant Attorney General
                                     Alaska Bar No. 1911099
                                     Department of Law
                                     1031 West Fourth Avenue, Ste. 200
                                     Anchorage, AK 99501
                                     Phone: (907) 269-5190
                                     Facsimile: (907) 258-0760
                                     Email: mandee.mlcek@alaska.gov
                                     Attorney for Defendants

---

[10]     Docket 8, page 1.

[11]     Docket 15.

*Joseph v. DOC, et al.*     Case No.: 3:20-cv-00294-SLG-DMS
Opposition to Motion for Appointment of Counsel     Page 4 of 5

Certificate of Service
I certify that on May 17, 2021 the foregoing Opposition to Motion for Appointment of Counsel was served via USPS mail on:

Serena Michelle Joseph #503540
Hiland Mountain Correctional Center
9101 Hesterberg Road
Eagle River AK 99577

/s/Mandee S. Mlcek
Mandee S. Mlcek, Assistant Attorney General

*Joseph v. DOC, et al.* Case No.: 3:20-cv-00294-SLG-DMS
Opposition to Motion for Appointment of Counsel Page 5 of 5
Case 3:20-cv-00294-SLG-MMS   Document 16   Filed 05/17/21   Page 5 of 5