## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SERENA MICHELLE JOSEPH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　Defendant. | Case No. 3:20-cv-00294-SLG |

## ORDER RE MOTION FOR APPOINTMENT OF COUNSEL

At Docket 15, Serena Michelle Joseph, a self-represented prisoner, has filed a motion requesting the appointment of counsel. Defendants have responded in opposition at Docket 16.

This is a civil case, not a criminal case. Although a defendant in a criminal case has a right to assistance of counsel under the Sixth Amendment of the United States Constitution, generally a person has no federal right to an appointed attorney in a civil action.[1]

Under 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district court's

---

[1] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S.Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

decision to appoint counsel in a civil action is discretionary. In order to appoint counsel,

> [a] district court must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is dispositive; rather they must be considered cumulatively.[2]

Without these factors, there are no "exceptional circumstances" under which the Court may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1).[3] Additionally, although the Court may request a volunteer attorney in exceptional cases, it has no power to make a mandatory appointment.[4]

The Court has carefully reviewed Ms. Joseph's concerns. At this stage of the litigation, this Court cannot evaluate Ms. Joseph's likelihood of success on the merits. Although section 1915(e)(1) permits the Court to request a volunteer attorney, this Court has no list of volunteer attorneys from which it may request counsel to represent Ms. Joseph. Most importantly, Ms. Joseph has demonstrated that she is able to articulate her claims *pro se* despite the complexity of the legal issues involved, such that this case is not an "exceptional" one that necessitates the assistance of counsel.

---

[2] *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970).

[3] *Id.*; *Palmer*, 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

[4] *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301-08 (1989).

Case No. 3:20-cv-00294-SLG, *Joseph v. Department of Corrections, et al.*
Order Re Motion for Appointment of Counsel
Page 2 of 3
Case 3:20-cv-00294-SLG-MMS   Document 18   Filed 06/01/21   Page 2 of 3

The Court has referred Ms. Joseph's case to the Federal Pro Bono Project and is currently advertising for a volunteer attorney. If a volunteer attorney comes forward to accept Ms. Joseph's case, the Court will appoint counsel at that time. For the reasons discussed above, the Motion for the Appointment of Counsel at Docket 15 is **DENIED**.

**IT IS SO ORDERED.**

DATED at Anchorage, Alaska this 1st day of June, 2021.

　　　　　　　　　　　　　　　　　*/s/ Deborah M. Smith*
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Case No. 3:20-cv-00294-SLG, *Joseph v. Department of Corrections, et al.*
Order Re Motion for Appointment of Counsel
Page 3 of 3
Case 3:20-cv-00294-SLG-MMS   Document 18   Filed 06/01/21   Page 3 of 3