# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SERENA MICHELLE JOSEPH,

          Plaintiff,

      v.

DEPARTMENT OF CORRECTIONS, *et al.*,

          Defendant.

Case No. 3:20-cv-00294-SLG

## ORDER RE: MOTIONS AT DOCKETS 17 & 19

Serena Michelle Joseph, a self-represented prisoner, has filed two motions: 1) Motion for Supplemental Complaint at Docket 17, and 2) Motion for Deposition at Docket 19. Defendants have responded in opposition to the Motion for Supplemental Complaint at Docket 20.

**I. Motion for Supplemental Complaint**

At Docket 17, Ms. Joseph moves the Court to "substitute Nancy Dahlstrom [as a defendant] for Department of Corrections. Ms. Joseph reasons that "Mrs. Dalhstrom is a 'person' who oversees the Department of Corrections and is responsible for culpable action or inaction in training, supervision, or control of subordinates, and promulgated policies to guide subordinates' conduct."[1] At Docket 20, Defendants responded in opposition, arguing that Ms. Joseph's motion

---

[1] Docket 17 at 1–2.

was functionally a motion to amend her complaint and is procedurally deficient under Rule 15 of Federal Civil Procedure.[2]

Rule 15(a) of the Federal Rules of Civil Procedure governs the process for amending pleadings. A plaintiff may amend a complaint (1) within 21 days after service or within 21 days of a responsive pleading or a motion under Federal Rule of Civil Procedure Rules 12(b), (e), or (f); (2) with the opposing party's consent, or (3) with a court's permission.[3] Additionally, the Court's Scheduling Order at Docket 14 set May 30, 2021 as the deadline for any motions to amend pleadings.[4] Motions to amend beyond that deadline must show good cause.[5]

Procedurally, a "proposed amended pleading must not incorporate by reference any prior pleading, including exhibits."[6] Plainly, this means that a plaintiff cannot simply add on new claims or defendants by motion or declaration. An amended complaint replaces the prior complaint in its entirety.[7] In order to amend a complaint, a plaintiff must submit a new complaint with all the claims the plaintiff

---

[2] Docket 20 at 1–3. (Defendants further argues that Ms. Joseph's amendment is futile; however, the Court declines to address that argument here.).

[3] Fed. R. Civ. P. 15(a).

[4] Docket 14 at 2.

[5] Docket 14 at 2.

[6] Local Civil Rule 15.1.

[7] Local Civil Rule 15.1.

Case No. 3:20-cv-00294-SLG, *Joseph v. Department of Corrections, et al.*
Order Re Motions at Dockets 17 & 19
Page 2 of 5
Case 3:20-cv-00294-SLG-MMS   Document 23   Filed 08/04/21   Page 2 of 5

seeks to allege and all the defendants the plaintiff believes to be responsible for any harm.[8]

Ms. Joseph's motion to amend is not within the timeframe or permission established in Federal Rule of Civil Procedure 15(a). However, Ms. Joseph's motion was filed May 28, 2021, before Court's the amended pleadings deadline. Regardless of timeliness, Ms. Joseph cannot add defendants by "supplemental" motion. In accordance with the Local Civil Rule 15.1, she must file a new complaint with all of her claims and defendants. Accordingly, the Court **DENIES** the Motion for Supplemental Complaint at Docket 17.

However, because Ms. Joseph made a good faith attempt to amend her pleadings in accordance with the Court's scheduling order, the Court **GRANTS** Ms. Joseph **30 days** to file a motion to amend her complaint. Ms. Joseph must abide by both the Federal Rule of Civil Procedure 15 and Local Civil 15.1. Should she want to amend the Complaint, Ms. Joseph will need to file a motion requesting the Court's permission to amend her complaint and include her proposed Second Amended Complaint.

### II. Motion for Deposition

At Docket 19, Ms. Joseph has filed a motion to take the depositions of 10 individuals "all of whom are non-parties, not incarcerated at Hiland anymore,

---

[8] Local Civil Rule 15.1.

Case No. 3:20-cv-00294-SLG, *Joseph v. Department of Corrections, et al.*
Order Re Motions at Dockets 17 & 19
Page 3 of 5
Case 3:20-cv-00294-SLG-MMS   Document 23   Filed 08/04/21   Page 3 of 5

employed at Hiland or retired from Hiland."[9]  In accordance with the Court's Scheduling Order, Ms. Joseph has made a motion requesting the Court's permission to take depositions and states she would like to do so telephonically.[10] However, the Court's Scheduling Order also states:

> If the Plaintiff files a motion to take a deposition, the motion should include an explanation of why the Plaintiff seeks to depose each person, how he intends to coordinate the deposition (telephonic, on written questions, etc.), the estimated cost of the deposition including the cost of the private court reporter, and how the Plaintiff intends to pay for the deposition. *See generally* Rules 30, 31, Federal Rules of Civil Procedure.

Ms. Joseph's motion lacks an explanation as to the need to depose each of the 10 individuals and the estimated cost to do so. Accordingly, the Motion for Deposition is **DENIED WITHOUT PREJUDICE**. Ms. Joseph may refile her motion in accordance with the applicable scheduling order with the details required for the Court to make the determinations on depositions.

**IT IS THEREFORE ORDERED:**

1. The Motion for Supplemental Complaint at Docket 17 is **DENIED WITHOUT PREJUDICE**. The Court grants leave for Ms. Joseph to file a Motion to Amend and a Second Amended Complaint within 30 days of this Court's order.

2. The Motion for Deposition at Docket 19 is **DENIED WITHOUT PREJUDICE**.

---

[9] Docket 19 at 1–2.

[10] Docket 19 at 1–2; see also Docket 14 at 2.

Case No. 3:20-cv-00294-SLG, *Joseph v. Department of Corrections, et al.*
Order Re Motions at Dockets 17 & 19
Page 4 of 5
Case 3:20-cv-00294-SLG-MMS   Document 23   Filed 08/04/21   Page 4 of 5

3.  In order to accommodate the filing of amended pleadings, any upcoming deadlines set in the Scheduling Order at Docket 14 are automatically extended by 60 days.  The Court notes that Ms. Joseph has a pending Motion for Discovery Extension that contains requests not only for deadlines, but also requests for production which is not yet ripe for the Court's decision.  Docket 22 shall be decided separately after Defendants' opportunity to respond.  Should the Court grant a future Motion to Amend and accept Ms. Joseph's Second Amended Complaint, a new scheduling order shall issue.

DATED at Anchorage, Alaska this 4th day of August, 2021.

> /s/Deborah M. Smith
> CHIEF U.S. MAGISTRATE JUDGE

Case No. 3:20-cv-00294-SLG, *Joseph v. Department of Corrections, et al.*
Order Re Motions at Dockets 17 & 19
Page 5 of 5

Case 3:20-cv-00294-SLG-MMS   Document 23   Filed 08/04/21   Page 5 of 5