TREG R. TAYLOR
ATTORNEY GENERAL

Mandee S. Mlcek (Alaska Bar No. 1911099)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5190
Facsimile: (907) 258-0760
Email: mandee.mlcek@alaska.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SERENA JOSEPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:20-cv-00294-SLG-DMS |
| ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ET. AL, FAINUULELEI ET. AL, A. ) | |
| MCCARTER ET. AL, T. JOHNSON ET. ) | |
| AL, S. WOOD ET. AL, G. JOHNSON ) | **DEFENDANTS' OPPOSITION TO** |
| ET. AL, R. MASEULI ET. AL, ) | **PLAINTIFF'S MOTION TO** |
| ) | **ENLARGE DISCOVERY** |
| Defendants. ) | **LIMITATIONS** |

Plaintiff Serena Joseph moves for enlargement of the discovery limitations

established in the Court's Scheduling Order[1] and an extension of discovery deadlines.[2]

Defendants acknowledge the Court's Order Re: Motions at Dockets 17 & 19 renders

---

[1]     Docket 14, page 2.

[2]     Docket 22.

Ms. Joseph's motion to extend discovery deadlines moot.[3] Defendants oppose Ms. Joseph's motion for enlargement of the discovery limitations because she has not complied with the Court's Scheduling Order (Order)[4].[5]

The Order states, "Unless otherwise ordered for good cause shown, the following discovery limitations shall apply: Each party is limited to 25 interrogatories, including subparts, from each party to another party. Each party is limited to 15 requests for production, including subparts, from each party to another party. Each party is limited to 10 requests for admission, including subparts from each party to another party."[6]

On June 1, 2021, Ms. Joseph served defendants with Plaintiff's First Request for Production of Documents, which contains 23 requests.[7] On July 6, 2021, defendants served their responses to the first 15 of Ms. Joseph's 23 requests for production.[8] On June 30, 2021, Ms. Joseph served defendants with Plaintiff's Interrogatories and Request for Production of Documents, which contains an additional 8 requests for production.[9]

---

[3]   Docket 23, page 5.

[4]   Docket 14, page 2.

[5]   Defendants were not served with Ms. Joseph's motion at Docket 22, as required under Federal Rule 5. Therefore, defendants calculate their opposition due date, August 9, 2021, from the Court's entered date, July 22, 2021, pursuant to L. Civ. R. 7.2 and Federal Rule 6(d).

[6]   Docket 14, page 2.

[7]   Exhibit A, Plaintiff's First Request for Production of Documents.

[8]   Exhibit B, Defendants' Response to Plaintiff's First Request for Production of Documents.

[9]   Exhibit C, Plaintiff's Interrogatories and Request for Production of Documents.

*Joseph v. DOC, et al.*　　　　　　　　　　　　　　　Case No.: 3:20-cv-00294-SLG-DMS
Defendants' Opposition to Plaintiff's Motion to
Enlarge Discovery Limitations　　　　　　　　　　　　　　　　　Page 2 of 8

Case 3:20-cv-00294-SLG-MMS   Document 24   Filed 08/09/21   Page 2 of 8

On July 15, 2021, defendants sent Ms. Joseph a letter seeking clarification as to which defendant her interrogatories were directed and to remind Ms. Joseph of the Court's limitation on requests for production of documents.[10] Defendants have not received a response to their July 15, 2021, letter. However, on July 6, 2021, Ms. Joseph served defendants with Plaintiff's Second Request for Production of Documents, which contains 24 requests.[11]

Now, Ms. Joseph seeks enlargement of the Court's limit on requests for production of documents "because her case involves different sets of defendants and claims."[12] The Court had knowledge that Ms. Joseph's case involves more than one claim[13] when it issued the discovery limitations,[14] thus obligating Ms. Joseph to address both of her claims within the Court's limitations. She did not.

Defendants have received 32 requests for production.[15] Twenty-nine of Ms. Joseph's requests for production appear to relate to her retaliation claim.[16]

---

[10]   Exhibit D, July 15, 2021 letter to Ms. Joseph from defendants.

[11]   Exhibit E, Plaintiff's Second Request for Production of Documents.

[12]   Docket 22.

[13]   Docket 3.

[14]   Docket 14.

[15]   Exhibit A contains 23 Requests for Production. Exhibit C contains 8 requests for production. Exhibit E appears to be a typed replica of Exhibit A, with the addition of Request 2.

[16]   Docket 3-1 through 3-22.

*Joseph v. DOC, et al.*  Case No.: 3:20-cv-00294-SLG-DMS
Defendants' Opposition to Plaintiff's Motion to
Enlarge Discovery Limitations  Page 3 of 8

Case 3:20-cv-00294-SLG-MMS   Document 24   Filed 08/09/21   Page 3 of 8

The remaining three requests[17] appear to relate to Ms. Joseph's claim that the Hiland Mountain Correctional Center (HMCC) law library is insufficient, thereby depriving her of her right to access the courts.[18] Ms. Joseph's motion should be denied because she has not explained to the Court why she elected to omit the three requests for production related to her second claim from the 15 requests for production allowed under the Court's Order.[19]

This Court's Order states the discovery limitations shall apply unless good cause is shown.[20] Black's Law Dictionary defines "*good cause*" as "A legally sufficient reason. Good cause is often the burden placed on a litigant (usu. [sic] By court rule or order) to show why a request should be granted or an action excused."[21] Ms. Joseph did not meet her burden when she merely reiterated that she has two claims. Ms. Joseph's motion did not include the 10 prospective requests for production for the Court's review, nor did she explain to the Court why each additional request is necessary or relevant to either of her claims. Ms. Joseph's motion should be denied because she failed to show the requisite good cause.[22]

---

[17] *See* Exhibit A, Requests 20-22 and Exhibit E, Requests 21-23.

[18] Docket 3-23 through 3-33.

[19] Docket 22.

[20] Docket 14, page 2.

[21] *Cause (2) Good Cause Definition*, *Black's Law Dictionary* 213 (7th ed.1999).

[22] Docket 14, page 2.

*Joseph v. DOC, et al.*                                                                          Case No.: 3:20-cv-00294-SLG-DMS
Defendants' Opposition to Plaintiff's Motion to
Enlarge Discovery Limitations                                                             Page 4 of 8

Case 3:20-cv-00294-SLG-MMS    Document 24    Filed 08/09/21    Page 4 of 8

Even if the Court allows additional discovery requests under the paltry justification proffered, defendants will object to requests for production related to Ms. Joseph's access to the courts claim. The following is an example of Ms. Joseph's requests for production related to her access to the courts claim:

> "Any and all grievances, complaints, or other documents received by prison staff defendant Johnson or her agents at Hiland Mountain concerning the inadequate, out-of-date law library and any memoranda, investigative files, or other documents created in response to such complaints, since January 1, 2015."[23]

This request is over-broad, burdensome, seeks confidential information, and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to her claims. Ms. Joseph's claim alleges that in March 2020 the HMCC law library was insufficient, thereby depriving her of her right to access the courts,[24] yet the scope of Ms. Joseph's request spans back to January 1, 2015, and involves complaints made by other inmates who are not parties to this lawsuit. Whether other inmates filed complaints related to the law library is irrelevant to Ms. Joseph's claim that defendants violated her civil right to access to the courts.

---

[23] *See* Exhibit A, Request for Production #20 and Exhibit E Request for Production #21.

[24] Docket 3, page 6 and Docket 3-23 through 3-33.

*Joseph v. DOC, et al.*  Case No.: 3:20-cv-00294-SLG-DMS
Defendants' Opposition to Plaintiff's Motion to
Enlarge Discovery Limitations  Page 5 of 8

Case 3:20-cv-00294-SLG-MMS   Document 24   Filed 08/09/21   Page 5 of 8

This request is overly burdensome when weighed against the irrelevant information that may potentially be gleaned from the records. There is no means by which the State of Alaska, Department of Corrections (DOC) can identify responsive documents without manually searching several years of institutional files, consisting of thousands of pages. The task of searching for documents that unidentified inmates possibly authored would require a multitude of personnel hours, which unduly burdens DOC resources. Assuming any responsive records were identified, DOC would then need to redact the records prior to disclosure to Ms. Joseph, including inmate names to protect the privacy interests of those inmates, thereby monopolizing even more resources in order to produce irrelevant information.

Further, Ms. Joseph's request demands copies of confidential correctional records from other inmates. Request for Interview forms, grievances, and grievance appeals that are submitted by an inmate are maintained in the inmate's institutional files. Pursuant to 22 AAC 05.090[25] and .095,[26] inmate files are confidential. While Ms. Joseph may be

---

[25] 22 AAC 05.090. Prisoner records.

(a) An individual case record on each person admitted to a facility must be opened and maintained. This record must contain all relevant information concerning the prisoner which might affect the facility security or the prisoner's adjustment or rehabilitative progress.

(b) A medical record must be opened and maintained separately from the individual record opened under (a) of this section. The medical record must contain all relevant health care information concerning the prisoner.

(c) Records established under (a) or (b) of this section may contain confidential documents and records with controlled access described in 22 AAC 05.095.

*Joseph v. DOC, et al.*  Case No.: 3:20-cv-00294-SLG-DMS
Defendants' Opposition to Plaintiff's Motion to
Enlarge Discovery Limitations  Page 6 of 8

granted access to her own inmate files, she is not allowed access to other inmates' files. The other inmates have a protected privacy interest in their files, and DOC has institutional safety and security concerns.

Finally, Ms. Joseph's *opinion* that DOC should grant inmates access to CourtView and Public Access to Court Electronic Records (PACER) and expand its current LexisNexis subscription is the foundation of her claim regarding access to the courts.[27] Ms. Joseph cannot prevail on this claim because her opinion that the law library is subpar is not proof of actual injury.[28] Therefore, any request for production of documents related to the make-up or maintenance of the HMCC law library is not reasonably calculated to lead to the discovery of evidence that is relevant to Ms. Joseph's second claim.

---

[26]     22 AAC 05.095. Access to prisoner records.

 (a) Except as otherwise provided in this section, access to prisoner records is limited to personnel and agents of the department.

\*\*\*

(b) In the absence of a state or federal law to the contrary, a prisoner or the prisoner's attorney must be granted access, upon request, to the prisoner's records in order to prepare for a classification, disciplinary, parole, revocation, or judicial hearing, or appeal from such a hearing, subject to (d) of this section.

\*\*\*

[27]     Docket 3, page 6.

[28]     See *Lewis v. Casey*, 518 U.S. 343, 351. ("Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.")

*Joseph v. DOC, et al.*                                    Case No.: 3:20-cv-00294-SLG-DMS
Defendants' Opposition to Plaintiff's Motion to
Enlarge Discovery Limitations                                              Page 7 of 8

Case 3:20-cv-00294-SLG-MMS   Document 24   Filed 08/09/21   Page 7 of 8

Ms. Joseph's motion should be denied because no documents exist that could assist Ms. Joseph in litigating a meritless claim.

For the above stated reasons, Defendants respectfully request that the court deny Ms. Joseph's motion to enlarge discovery limitations.

DATED: August 9, 2021.

TREG R. TAYLOR
ATTORNEY GENERAL

By: /s/Mandee S. Mlcek
Mandee S. Mlcek
Assistant Attorney General
Alaska Bar No. 1911099
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5190
Facsimile: (907) 258-0760
Email: mandee.mlcek@alaska.gov
Attorney for
State of Alaska

Certificate of Service
I certify that on August 9, 2021 the foregoing **Defendants' Opposition to Plaintiff's Motion to Enlarge Discovery Limitations** was served via U.S.P.S. Mail on:

Serena Michelle Joseph #503540
Hiland Mountain Correctional Center
9101 Hesterberg Road
Eagle River AK 99577

/s/Mandee S. Mlcek
Mandee S. Mlcek, Assistant Attorney General

*Joseph v. DOC, et al.*                                           Case No.: 3:20-cv-00294-SLG-DMS
Defendants' Opposition to Plaintiff's Motion to
Enlarge Discovery Limitations                                               Page 8 of 8
Case 3:20-cv-00294-SLG-MMS   Document 24   Filed 08/09/21   Page 8 of 8

*Joseph v. DOC, et al.*                                         Case No.: 3:20-cv-00294-SLG-DMS
Defendants' Opposition to Plaintiff's Motion to
Enlarge Discovery Limitations                                                          Page 8 of 8
Case 3:20-cv-00294-SLG-MMS   Document 24   Filed 08/09/21   Page 8 of 8