IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SERENA MICHELLE JOSEPH,

          Plaintiff,

      v.

DEPARTMENT OF
CORRECTIONS, et al.,

          Defendants.

Case No. 3:20-CV-00294-SLG-KFR

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION FOR THE DISPOSITION OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### I.   PROCEDURAL HISTORY

On November 19, 2020, Plaintiff Serena Michelle Joseph, an inmate at Hiland Mountain Correctional Center ("Hiland"), filed a pro se complaint against the Alaska Department of Corrections ("DOC"), a government entity, and the following people both individually and as employees of the DOC: Anita McCarter ("McCarter"), Sidney Wood ("Wood"), Roberta Maseuli ("Maseuli"), Ty Johnston ("Johnston"), Gloria Johnson ("Johnson"), and Angelina Fainuleilei ("Fainuleilei").[1] Plaintiff originally alleged violations of her civil rights under the First, Fourteenth, and Sixth Amendments of the

---

[1] Dkt. 1.

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*
3:20-cv-00294-SLG-KFR

Page **1** of **27**

Case 3:20-cv-00294-SLG-KFR   Document 46   Filed 08/09/22   Page 1 of 27

Constitution pursuant to the Civil Rights Act of 1871, 42 United States Code Section 1983 ("Section 1983").[2]  Twelve days later, Plaintiff amended her complaint, adding defendants Steven West ("West") and Clifton Booher ("Booher").[3]  Defendants answered on March 22, 2021, denying that they violated Plaintiff's civil rights and asserting affirmative defenses to Plaintiff's claims.[4]

The Court appointed counsel for Plaintiff on September 15, 2021,[5] and, through counsel, Plaintiff filed a Third Amended Complaint on October 31, 2021.[6]  In her Third Amended Complaint, Plaintiff added defendant Nancy Dahlstrom ("Dahlstrom"), and maintained her original claims that the previously-named eight defendants, and Dahlstrom, in both their individual and official capacities, along with DOC, conspired to violate her First Amendment right to free speech, her Fourteenth Amendment right to equal protection, and her Sixth Amendment right to a lawyer and access to the courts.[7] Two weeks later, Defendants filed a Motion to Dismiss for Failure to

---

[2] *Id.*
[3] Dkt. 3.  This amended pleading maintained the original claims.
[4] Dkt. 11 at 4.
[5] Dkt. 27.
[6] Dkt. 32.
[7] *Id*. at 2.

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*                                        Page **2** of 27
3:20-cv-00294-SLG-KFR
Case 3:20-cv-00294-SLG-KFR   Document 46   Filed 08/09/22   Page 2 of 27

State a Claim and Memorandum in Support of Motion to Dismiss (hereinafter "Motion to Dismiss").[8]

On December 29, 2021, Plaintiff filed her response in opposition to Defendant's Motion to Dismiss (hereinafter "Opposition"),[9] as well as a Notice of Errata to correct an oversight in the filing of her Third Amended Complaint, which failed to properly incorporate documents that had been previously filed in the original and amended complaints.[10] In her Opposition, Plaintiff moved to dismiss her Sixth Amendment claim, as well as her claims against DOC, and Defendants Dahlstrom, McCarter, Wood, and Maseuli. On January 21, 2022, Defendants replied to Plaintiff's Opposition.[11]

## II. MOTION PRESENTED

At this time the following general claims remain for this Court to consider: that Defendants retaliated against Plaintiff for exercising her First Amendment right to free speech, and that they denied her equal protection under the Fourteenth Amendment. Plaintiff alleges Defendants, who were employees of Hiland at the time of the incidents alleged in her Third Amended Complaint, acted in both their individual and official capacities, and

---

[8] Dkts. 33 and 34.
[9] Dkts. 40 and 41.
[10] Dkt. 42.
[11] Dkt. 45.

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*
3:20-cv-00294-SLG-KFR

conspired with one another to violate her rights directly, or by refusing to intercede to prevent ongoing violations of those rights.

Plaintiff makes three specific allegations. First, Plaintiff alleges that Defendants acted outside the scope of their employment to violate Plaintiff's constitutionally guaranteed First Amendment right to free speech by ignoring her complaints about officer actions she filed through the prison grievance system, and retaliating against her for having made those complaints, thereby interfering with her right to redress, and, more generally, creating a custom to ignore prisoners' valid grievances.[12] Second, Plaintiff alleges Defendants violated her Fourteenth Amendment right to equal protection by treating her differently for being black and conspiring to ignore her grievance about a racist remark.[13] Third, Plaintiff alleges that Defendants West, Booher, and Johnston failed to intervene and correct the retaliatory and discriminatory acts of Fainuleilei.[14]

---

[12] Dkt. 32 at 6-7.
[13] *Id*. at 7.
[14] *Id*.

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*                                              Page **4** of **27**
3:20-cv-00294-SLG-KFR

Plaintiff requests a jury trial.[15] She seeks injunctive relief against each remaining defendant, asking that they be fired from their positions within DOC.[16] Additionally, Plaintiff seeks nominal damages.[17]

The Court considers the facts presented in Plaintiff's Third Amended Complaint, and pursuant to Local Rule 1.1(a)(4), her Notice of Errata, including attached exhibits.[18] The Court also considered Defendant's answer and Motion to Dismiss, and all responses and replies to the Motion to Dismiss. For the following reasons, this Court recommends the District Court **GRANT IN PART** Defendants' Motion to Dismiss, and **DENY IT IN PART**.

## III.  FACTUAL BACKGROUND

### a.  PARTIES

Plaintiff is an inmate at Hiland.   At times relevant to Plaintiff's Complaint, Johnson was a superintendent, Booher was a lieutenant, West and

---

[15] Dkt. 32 at 9.

[16] *Id.*

[17] *Id.*  In her Third Amended Complaint, Plaintiff sought punitive and compensatory damages from DOC.  She also sought in junctive relief both in the general firing of each individually named prison official, and in the specific removal of Dahlstrom from her position as DOC Commissioner.  Because Plaintiff withdrew her claims against DOC and Dahlstrom, McCarter, Wood, and Maseuli, injunctive relief against the remaining defendants and nominal damages are the only remaining prayers for relief remaining from the Third Amended Complaint.

[18] *See Chudacoff v. University Medical Center,* 649 F.3d 1143, 1152 (9th Cir. 2011).

Final R&R on Motion to Dismiss

*Joseph v. Department of Corrections et al.*                                   Page **5** of **27**

3:20-cv-00294-SLG-KFR

Johnston were sergeants, and Fainuleilei was a correctional officer at the facility.

### b. FACTUAL ALLEGATIONS[19]

#### i. *Plaintiff Files a Complaint with Johnson in Response to "Disrespectful" Comments by Fainuleilei.*

In the middle of March 2020, during routine shift checks at Hiland, Fainuleilei said to Plaintiff, "you better get your people or I am gonna close this day room down."[20] Plaintiff replied, "What makes her my 'people' cause I am black?"[21] Fainuleilei responded, "Bitch please."[22]

Following Fainuleilei's statement, Plaintiff wrote a Request for Information ("RFI") to Johnson, the Hiland superintendent, about the "disrespectful manner in which [Fainuleilei] talks to us inmates."[23] Plaintiff took her RFI to West, a sergeant at Hiland, and asked him to deliver it to Johnson's box, which he agreed to.[24]

---

[19] For purposes of this summary of factual allegations made by Plaintiff, the Court "accept[s] all material allegations of fact as true," "construe[s] the complaint in a light most favorable to the [Plaintiff]" and accepts as true all reasonable inferences which can be drawn from the facts alleged. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

[20] Dkt. 42-1 at ¶ 1 and 3.

[21] Dkt. 42-1 at ¶ 4.

[22] Dkt. 43-1 at ¶ 5.

[23] Dkt. 42-12 page 1; Dkt 42-1 at ¶ 6 continuing to 42-2.

[24] Dkt. 42-2 at ¶ 6.

Final R&R on Motion to Dismiss

*Joseph v. Department of Corrections et al.*

3:20-cv-00294-SLG-KFR

The next morning, Plaintiff raised her issue to an officer who was on duty and was advised by the officer to speak with Booher, the Hiland lieutenant.[25] Plaintiff went to Booher's office and told him about Fainuleilei's actions. Booher told Plaintiff that he would check later that morning with Johnson to see if she got Plaintiff's RFI and instructed Plaintiff to come back to his office later.[26] When Plaintiff returned, Booher told her that Johnson did not receive her RFI and instructed Plaintiff to write another RFI, which she did. Booher advised Plaintiff that he would give it to Johnson.[27]

### ii. *Plaintiff Is Moved to Another Unit within Hiland.*

At the end of May or early June, 2020, Fainuleilei woke Plaintiff and told her she was moving to a different cell.[28] Plaintiff asked a housing sergeant why she had to move and was told it was because of her relationship with another inmate.[29] Plaintiff denied any relationship and told the housing sergeant that Fainuleilei was "out to get" her because of the RFI Plaintiff submitted about Fainuleilei in March 2020.[30] Plaintiff wrote another RFI to Johnson complaining about the move and Fainuleilei's "harassment."[31]

---

[25] Dkt. 42-2 at ¶ 8.
[26] Dkt. 42-2 at ¶ 9.
[27] Dkt. 42-2 at ¶ 10.
[28] Dkt. 42-2 at ¶ 12.
[29] Dkt. 42-3 at ¶¶ 12, 13.
[30] Dkt. 42-2 at ¶ 13.
[31] Dkt. 42-2 at ¶ 14.

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*                    Page **7** of **27**
3:20-cv-00294-SLG-KFR

Case 3:20-cv-00294-SLG-KFR    Document 46    Filed 08/09/22    Page 7 of 27

### iii. Plaintiff Files a Formal Grievance over the Chair Policy at Hiland.

On July 18, 2020, Plaintiff and other inmates were sitting in chairs near Plaintiff's cell.[32] During a routine inmate count, Fainuleilei told the inmates that they were not allowed to have chairs outside their cells and instructed the inmates to move the chairs.[33] When Fainuleilei returned to the area, Plaintiff and another inmate still had chairs in front of their doors.[34] Fainuleilei told Plaintiff she could not have a chair in front of her door but allowed the other inmate to keep her chair where it was.[35]

On July 19, 2020, Plaintiff filed her first formal grievance against Fainuleilei, expressing dissatisfaction with how Fainuleilei selectively applied the chair policy. Plaintiff reiterated her belief, previously expressed in her prior RFIs, that Fainuleilei had a vendetta against Plaintiff, and that that animosity motivated Fainuleilei's actions regarding the chair policy.[36]

Hiland has a procedure for grievances guaranteed by 22 AAC 05.155 and Index # 808.03 of the State of Alaska DOC Policies and Procedures where an inmate can file a grievance to raise concerns over any matter within the

---

[32] Dkt. 42-4 at ¶ 15.
[33] *Id.*
[34] Dkt. 42-4 at ¶ 16.
[35] *Id.*; Dkt. 42-12 at 1.
[36] Dkt. 42-12 at 2, Dkt. 42-13 at 1-2, and Dkt. 42-14 at 1-2.

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*                                    Page **8** of **27**
3:20-cv-00294-SLG-KFR

DOC's control. For grievances related to staff misconduct, a prisoner must fully complete page one of the Prisoner Grievance Form 808.03C; the prisoner may attach up to two additional pages of narrative. The prisoner must place the grievance packet in the appropriate locked box within 30 calendar days from the date the incident occurred or from when the prisoner has knowledge of the incident.[37]

If a grievance alleges staff violations of the ethical code or standards of conduct as defined by Policy 202.01, the Facility Standards Officer shall record and forward the grievance directly to the Facility Manager.[38] After receiving the grievance, the Facility Manager shall either: (a) Within 15 working days investigate the grievance and provide a written decision to the prisoner through the Facility Standards Officer; or (b) Promptly return the grievance to the Facility Standards Officer for informal resolution or assignment to an investigator according to VII.A.2.f-g.[39]

In late August or early September 2020, Johnston, a supervising sergeant at Hiland, interviewed Plaintiff in response to her July grievance.[40] Plaintiff told Johnston that she wanted Fainuleilei removed from her housing

---

[37] State of Alaska Department of Corrections Policies and Procedures, Prisoner Rights, Prisoner Grievances, Index 808.03, pp. 4-5, October 13, 2006.

[38] *Id.* at 10.

[39] *Id.*

[40] Dkt. 42-5 at ¶ 21.

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*
3:20-cv-00294-SLG-KFR

unit and for Fainuleilei to be instructed to leave Plaintiff alone.[41]  On October

2, 2020, Plaintiff sent Johnston a RFI about her grievance.[42] On October 19,

2020, Plaintiff wrote a letter reiterating her complaints to superintendent

Johnson, and gave it to an officer to put in the superintendent's box.[43]

### iv. *Plaintiff Files a Second Grievance and Appeal.*

Plaintiff filed a second grievance on October 20, 2020, this time against

Johnston for his "misconduct" in not addressing Plaintiff's July grievance with

her.[44] Superintendent Johnson then called Plaintiff on October 21, 2020, to

set up a meeting with her the next day to discuss her grievances, both the

grievance originally filed in July over the chair policy, as well as her grievance

against Johnston.[45] They met to discuss, but the matters were not resolved to

Plaintiff's satisfaction. Johnson advised Plaintiff that she would have Booher

address the issue and that Johnson would follow up with her.  No follow up

occurred.[46]  On November 11, 2020, Plaintiff submitted an appeal for her

October 20, 2020, grievance, to which she had not yet received as response.[47]

//

[41] Dkt. 42-15 at 1.
[42] Dkt. 42-5 at ¶ 22.
[43] Dkt. 42-7 at ¶ 28.
[44] Dkt. 42-7 at ¶ 29; Dkt. 42-15 at 1.
[45] Dkt. 42-7 at ¶ 30.
[46] Dkt. 42-9 at¶ 37.
[47] Dkt. 42-10 at ¶ 46; Dkt. 42-22.

Final R&R on Motion to Dismiss

*Joseph v. Department of Corrections et al.* Page **10** of 27
3:20-cv-00294-SLG-KFR

### v. *Plaintiff Files an RFI Seeking Information about the Door Policy at Hiland.*

On an unknown date, during a routine check, Fainuleilei told Plaintiff she was required to keep her door unlocked while she was in her room.[48] On November 2, 2020, Plaintiff sent a RFI to the housing sergeant to ask if DOC had policies and procedures about whether prisoners are allowed to lock their doors while inside their rooms.[49] On November 3, 2020, Plaintiff asked the housing sergeant about her RFI. The housing sergeant said she would speak to Plaintiff on Thursday, two days later, about her RFI.[50]

On November 5, 2020, when Fainuleilei was on-shift, Plaintiff was again told to keep her door unlocked.[51] During her next shift, four days later, Fainuleilei did not tell Plaintiff she had to keep her door unlocked.[52]

## IV. LEGAL STANDARD

The Civil Rights Act of 1871, 42 U.S.C. § 1983, is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[53] For relief under Section 1983, a

---

[48] Dkt 42-9 at ¶ 39.
[49] Dkt 42-9 at ¶ 41.
[50] Dkt 42-9 at ¶ 42 (continuing to 42-10).
[51] Dkt 42-10 at ¶ 44.
[52] Dkt 42-10 at ¶ 45.
[53] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*                    Page **11** of 27
3:20-cv-00294-SLG-KFR

plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[54] To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[55]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings.[56] Dismissal is appropriate under Rule 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." This failure may be based on the absence of a cognizable legal theory, or on the absence of sufficient facts alleged under a cognizable legal theory.[57] In ruling on a motion to dismiss, courts may generally consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice."[58]

As mentioned above, in the interest of justice, this Court considers the facts presented in Plaintiff's Third Amended Complaint and Notice of Errata and attached exhibits, pursuant to District of Alaska Local Civil Rule

---

[54] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[55] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[56] *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978).

[57] *Johnson v. Riverside Healthcare System,* 534 F.3d 1116, 1121 (9th Cir. 2008).

[58] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*                    Page **12** of 27
3:20-cv-00294-SLG-KFR

Case 3:20-cv-00294-SLG-KFR   Document 46   Filed 08/09/22   Page 12 of 27

1.1(a)(4).[59]   Defendants have acknowledged the same understanding and considered each of those documents in their filed response.[60]

Generally, Courts must "accept all material allegations of fact as true, construe the complaint in a light most favorable to the non-moving party,"[61] and accept as true all reasonable inferences which can be drawn from the facts alleged.[62]   However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[63]   Furthermore, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[64]   This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[65]

---

[59] *Chudacoff,* 649 F.3d 1152 (2011).
[60] Dkt. 45 at 5. "Defendants construe this Court's lack of response to Joseph's Notice of Errata at Dkt. 42, which incorporates 41 pages of documents into Joseph's Third Amended Complaint, as acceptance. As such, defendants presume this court will consider Dkts. 42-1 through 42-32 as incorporated into Joseph's Third Amended Complaint at Dkt. 32; defendants rely on the aforementioned herein." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Fed. R. Civ. P. 10(c).
[61] *Vasquez v. Los Angeles County,* 487 F.3d 1246, 1249 (9th Cir. 2007).
[62] *Broam,* 320 F.3d at 1028.
[63] *Ashcroft v. Iqbal,* 556 U.S. 662, (2009) (citation omitted).
[64] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
[65] *Id.* at 550.

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*                              Page **13** of **27**
3:20-cv-00294-SLG-KFR
Case 3:20-cv-00294-SLG-KFR    Document 46    Filed 08/09/22    Page 13 of 27

Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully."[66] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[67] Determining whether a complaint states a plausible claim for relief, is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.[68] Dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies.[69]

## V. DISCUSSION

### a. CLAIMS WARRANTING DISMISSAL

#### i. *All Claims against Defendants in their Official Capacity*

Plaintiff sues Defendants in both their individual and official capacities. As it relates to the claims made against Defendants in their official capacity, the Court recommends dismissal without prejudice. In a Section 1983 action, a plaintiff may sue a defendant in an official capacity as an alternate way of pleading a claim against the governmental entity for which that individual is

---

[66] *Iqbal,* 556 U.S. at 678.
[67] *Id.*
[68] *Id.* at 1950.
[69] *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1296 (9th Cir.1998).
Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*                                Page **14** of **27**
3:20-cv-00294-SLG-KFR

an officer or employee.[70]  A plaintiff suing a defendant in her official capacity is not required to allege the "named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."[71]  Instead, a plaintiff must only (1) "identify the law or policy challenged" and (2) "name the official within the entity who can appropriately respond to injunctive relief."[72]  A defendant sued in her official capacity may not be sued for damages, only for injunctive relief.[73]

Plaintiff's Third Amended Complaint fails to articulate any law or policy that she seeks to change.  While Plaintiff does describe two policies in place within DOC for addressing inmate grievance, she makes no claim that those policies are unconstitutional or need redress.  Rather, the injunctive relief requested by Plaintiff – the only relief available from a defendant sued in their official capacity – is not any change to the DOC policies described in her complaint, but rather, for each of "the individually named prison officials to be fired from his or her position with [DOC]."  Despite Plaintiff's argument

---

[70] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).
[71] *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).
[72] *Id.*
[73] *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 n.10. (1989).

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*                                      Page **15** of **27**
3:20-cv-00294-SLG-KFR

to the contrary,[74] the Court cannot equate a factual summary of DOC's policies provided by Plaintiff with a claim for relief.

Moreover, it is not apparent that the injunctive relief sought – the firing of Defendants from their positions within DOC – is an available remedy. Courts ordinarily accord great deference to the internal administrative decisions of prison officials.[75] And the Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration."[76]

Nonetheless, since amendment could cure the deficiency, the Court recommends **DISMISSAL WITHOUT PREJUDICE** of all claims made against Defendants in their official capacity.

### ii. Count Two - Fourteenth Amendment Claims

The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated persons be treated alike.[77] "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from

---

[74] Dkt. 41 at 11-12.

[75] *See Harrington v. Scribner*, 785 F.3d 1299, 1305 (9th Cir. 2015).

[76] *Shaw v. Murphy*, 532 U.S. 223, 230 (2001); *Turner v. Safley*, 482 U.S. 78, 84–85 (1987).

[77] *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Plyler v. Doe*, 457 U.S. 202, 216 (1982).

Final R&R on Motion to Dismiss

Case 3:20-cv-00294-SLG-KFR    Document 46    Filed 08/09/22    Page 16 of 27

invidious discrimination based on race."[78] Plaintiff's Claim Two, a Section 1983 conspiracy claim based on the Equal Protection Clause of the Fourteenth Amendment, requires allegations of discriminatory intent or purpose based on race or religion, or allegations from which the court can reasonably infer a discriminatory intent or purpose based on race or religion.[79] The Court finds Plaintiff has failed to meet this standard and recommends dismissal of this claim without prejudice.

Plaintiff claims that West, Booher, Johnston, Johnson, and Fainuleilei acted outside the scope of their employment by conspiring to deny her of equal protection of the laws. Specifically, Plaintiff claims that Defendants treated her differently because she is black, and they conspired to ignore her grievance about what she perceived as a racist remark.[80] Defendants assert that Plaintiff's entire Equal Protection claim rests on the possibility that one comment made by Fainuleilei may have had a racist connotation.[81]

As detailed below, this Court finds that Plaintiff's complaint is sufficient as it relates to her First Amendment retaliation claim. However, it is

---

[78] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Lee v. Washington*, 390 U.S. 333 (1968) (per curiam)).

[79] *See Washington v. Davis*, 426 U.S. 229, 242 (1976); *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).

[80] Dkt. 32 at 7.

[81] Dkt. 45 at 18.

Final R&R on Motion to Dismiss

*Joseph v. Department of Corrections et al.*                                   Page **17** of 27

3:20-cv-00294-SLG-KFR

insufficient when it comes to her claim that Defendants conspired to violate her rights under the Fourteenth Amendment. Plaintiff does allege that Defendant Fainuleilei made a statement to her that was race-based, and acted in a way that demonstrated a racist intent. However, Plaintiff's Third Amended Complaint on this issue as it relates to the other Defendants is deficient with regards to any facts detailing actions taken by those individuals on account of Plaintiff's race.[82] Rather, the factual allegations in the complaint allege inaction and retaliation based upon Plaintiff's initial complaint, not as the result of any racial animus. In addition, the complaint fails to identify any agreement between or actions by Defendants on account of Plaintiff's race that are sufficient to constitute a conspiracy to deny Plaintiff equal protection. As a result, this Court recommends **DISMISSAL WITHOUT PREJUDICE** of Count Two, Plaintiff's Fourteenth Amendment claim.

//

//

//

---

[82] *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient."); *see also Johnson v. State of Cal.*, 207 F.3d 650, 656 (9th Cir. 2000).

Final R&R on Motion to Dismiss

*Joseph v. Department of Corrections et al.*        Page **18** of **27**

3:20-cv-00294-SLG-KFR

### iii. Count Three - Failure to Protect

Plaintiff alleges in Count Three of her complaint that West, Booher, and Johnston failed to intervene or correct the retaliatory and discriminatory acts of Fainuleilei.[83] Plaintiff claims that these Defendants had a duty to intervene given their employment status and supervisory roles and that they failed to use their authority to correct Fainuleilei's actions.[84] Despite her attempts to characterize it otherwise,[85] the Court finds that this allegation falls under the legal doctrine of *respondeat superior,* the legal principle that holds "an employer or principle liable for [an] employee's or agent's wrongful acts committed within the scope of the employment or agency."[86] As such, it must be dismissed.

Government officials may not be held liable under Section 1983 for unconstitutional conduct of their subordinates under the theory of *respondeat superior.*[87] Government officials, their titles not notwithstanding, are only liable for their own misconduct absent vicarious liability.[88] A plaintiff must plead that each government official, through their own actions, violated the

---

[83] Dkts. 32 and 41.
[84] Dkt. 32 at 7.
[85] Dkt. 41 at 13.
[86] *Respondeat Superior,* Black's Law Dictionary (3rd Pocket Ed. 1996).
[87] *Iqbal*, 556 U.S. at 676.
[88] *Id.*

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*                                     Page **19** of **27**
3:20-cv-00294-SLG-KFR

Constitution.[89]   As it relates to Count Three, Plaintiff fails to meet this standard.

Plaintiff asserts that her claims in Count Three against West, Booher, and Johnston are not based on any supervisory authority they may have had within Hiland, but rather, on their failure to intervene in the constitutional violations committed against Plaintiff.[90]   This attempt to remove West, Booher, and Johnston from the application of the doctrine of *respondeat superior* is unavailing. Knowledge among supervisors of wrongdoing by subordinates, and acquiescence to that conduct, is insufficient for liability under Section 1983.[91]

Plaintiff concedes that such liability has, in prior Section 1983 cases, generally been limited to the excessive force context. [92]   Such cases are inapplicable here.  This Court will not stretch the current alleged facts to fit the out-of-district cases cited by Plaintiff, which involved non-excessive force Constitutional violations committed "in[the] presence" of other non-supervisory state actors.[93]

---

[89] *Id.*
[90] Dkt. 41 at 6.
[91] See Iqbal, 556 U.S. at 677.
[92] Dkt. 41 at 6, citing *Rubalcava v. City of San Jose*, (N.D. Cal. Jul. 15, 2021).
[93] *Id.* Citing see, *e.g., Lu Huang v. Cty. of Alameda*, No. C11-01984 THE, 2011 WL 5024641, at * 3 (N.D. Cal. Oct. 20, 2011).

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*                                    Page **20** of **27**
3:20-cv-00294-SLG-KFR

Furthermore, Plaintiff has alleged in Count Three nothing more than West, Booher, and Johnston had knowledge of Fainuleilei's actions and failed to intervene.[94]

This Court concludes that Plaintiff's Count Three, the claim that Defendant West, Booher and Johnston failed to intervene or correct the retaliatory and discriminatory acts of another falls neatly within the doctrine of *respondeat superior*. Accordingly, the Court recommends **DISMISSAL WITH PREJUDICE** of Count Three since amendment could not cure the deficiencies.

### b. CLAIM NOT WARRANTING DISMISSAL

#### i. *First Amendment Retaliation Claim*

This Court recommends denying Defendant's Motion to Dismiss Count One, Plaintiff's First Amendment retaliation claim. The Court finds that the allegations in the Third Amended Complaint, when taken in the light most favorable to the non-moving party, present sufficient facts to state a claim for relief.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."[95] To prevail on

---

[94] Dkt. 32 at 7.
[95] *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

Final R&R on Motion to Dismiss

Case 3:20-cv-00294-SLG-KFR   Document 46   Filed 08/09/22   Page 21 of 27

a First Amendment retaliation claim, five elements must be met.[96] Those elements include 1) an allegation that the retaliated-against conduct is protected, 2) adverse action against the plaintiff, 3) a causal connection between the adverse action and the retaliation, 4) an allegation that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities," and 5) that the official's acts did not advance a legitimate penological goal.[97]

Plaintiff claims that West, Booher, Johnston, Johnson, and Fainuleilei conspired to retaliate against Plaintiff after she exercised her right to free speech by filing a grievance. Plaintiff also alleges that Defendants conspired to chill her right to free speech by interfering with her filing a grievance.[98] At all times, Plaintiff alleges that Defendant were acting outside the scope of their employment.

Defendants disagree. In the Defendants' view, no adverse action was taken against Plaintiff that prevented her from filing her grievances. Rather, Defendants contend that Plaintiff deliberately circumvented the grievance filing process and then subsequently formed incorrect assumptions about the

---

[96] *Id.*
[97] *Id.*
[98] Dkt. 32 at 6-7.

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.* Page **22** of 27
3:20-cv-00294-SLG-KFR

consequences of failing to abide by that process.  Fainuleilei also argues that there is no evidence of any adverse action taken by her against Plaintiff.

The Court finds that sufficient allegations have been made to support Plaintiff's claim of a conspiracy by Defendants in their individual capacity to violate her First Amendment rights.  "To establish a conspiracy, a plaintiff must demonstrate the existence of an agreement or 'meeting of the minds' to violate constitutional rights."[99]  "The defendants must have, by some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage."[100]  This agreement or meeting of the minds may be inferred on the basis of circumstantial evidence, such as the actions of the defendants.[101]  "A showing that defendants committed acts that 'are unlikely to have been undertaken without an agreement' may support the inference of a conspiracy."[102]

As described above, conclusory allegations of conspiracy are not enough to support a Section 1983 conspiracy claim.  A plaintiff must allege specific facts to support the existence of the claimed conspiracy.[103]

---

[99] *Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1301 (9th Cir.1999) (quoting *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir. 1991)).
[100] *Id.*
[101] *Id.*
[102] *Id.*
[103] *See Olsen v. Idaho Bd. of Medicine,* 363 F.3d 916, 929 (9th Cir.2004).

Final R&R on Motion to Dismiss

Allegations that identify "the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose,"[104] and allegations that identify "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of [] constitutional rights," have been held to be sufficiently particular to properly allege a conspiracy.[105]

The facts presented by Plaintiff are assumed true. With that assumption, they have enough specificity to them to push them beyond the "naked assertion" threshold and meet the elements of a retaliation claim. Plaintiff alleged the period of the conspiracy and those who participated, as well as the object of the conspiracy, specifically, to retaliate against her for exercising her right to free speech. Plaintiff also alleged the manner and means of the conspiracy, which included allegedly prohibiting Plaintiff from filing a grievance, not acting on RFIs and grievances filed, and moving her or treating her differently from other inmates in response to complaints.[106]

Plaintiff raised an allegation of retaliation based upon her having filed a complaint and pled that an adverse event occurred as a result. While her

---

[104] *Marchese v. Umstead,* 110 F.Supp.2d 361, 371 (E.D.Pa.2000).
[105] *Harris v. Roderick,* 126 F.2d 1189, 1196 (9th Cir.1997).
[106] Dkt. 32.

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*
3:20-cv-00294-SLG-KFR

complaint does not describe an express agreement among Defendants, the timing of actions against Plaintiff permit an inference at this time of a causal connection between her complaints and the alleged adverse actions.[107] Finally, the alleged harms of being moved or singled-out are "more than minimal" and could therefore chill a person from exercising their rights,[108] and alleged false statements and the purported failure to follow procedure serve no penological purpose.

For this reason, the Court recommends **DENIAL** of Defendant's Motion to Dismiss Count One, Plaintiff's First Amendment retaliation claim.

//

//

//

//

//

//

//

//

---

[107] See *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir.1995) (holding that "timing can properly be considered as circumstantial evidence of retaliatory intent.")
[108] *Rhodes v. Robinson*, 408 F.3d 559, 568 n. 11 (9th Cir.2005).
Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*                                        Page **25** of **27**
3:20-cv-00294-SLG-KFR

## VI. CONCLUSION

For the reasons stated above, this Court recommends **GRANTING IN PART** Defendant's Motion to Dismiss and **DENYING IT IN PART**. Specifically, Plaintiff's allegations against all Defendants in their Official Capacity, as well as Plaintiff's Count Two, her Fourteenth Amendment claim, should be **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Count Three, her failure to supervise and intervene claim, should be **DISMISSED WITH PREJUDICE**. This Court recommends that Defendant's motion to dismiss Count One, Plaintiff's First Amendment retaliation claim, be **DENIED**.

### NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[109] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[110]

---

[109] 28 U.S.C. § 636(b)(1)(B).
[110] 28 U.S.C. § 636(b)(1)(C).

Final R&R on Motion to Dismiss
*Joseph v. Department of Corrections et al.*                                Page **26** of **27**
3:20-cv-00294-SLG-KFR

A party may file written objections to the magistrate judge's order within 14 fourteen days.[111]  Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented.  Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support.  Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[112]

DATED this 9th day of August, 2022 at Anchorage, Alaska.


_s/ Kyle F. Reardon_
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

---

[111] *Id.*

[112] *See Hilliard v. Kincheloe,* 796 F.2d 308 (9th Cir. 1986).

Final R&R on Motion to Dismiss

*Joseph v. Department of Corrections et al.*                                    Page **27** of **27**

3:20-cv-00294-SLG-KFR