# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SERENA MICHELLE JOSEPH,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No. 3:20-cv-00294-SLG |

## ORDER RE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

  Before the Court at Docket 33 is Defendants' *Motion to Dismiss* for failure to state a claim\.  At Dockets 40 and 41 Plaintiff Serena Joseph filed responses in opposition to the Motion, and at Docket 45 Defendants filed a reply in response to Plaintiff's oppositions.  This matter was referred to the Honorable Magistrate Judge Kyle F. Reardon.  At Docket 46 Judge Reardon issued his *Proposed Findings of Fact and Recommendation for the Disposition of Motion to Dismiss for Failure to State a Claim* in which he recommended granting in part and denying in part Defendants' *Motion to Dismiss*.

  No objections to the *Proposed Findings of Fact and Recommendation for the Disposition to Dismiss for Failure to State a Claim* were filed by either party.

  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1).  That statute provides that a district court "may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge."[1]  A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2]  However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Court has reviewed the *Proposed Findings of Fact and Recommendation for the Disposition of Motion to Dismiss for Failure to State a Claim* and agrees with that analysis.  Accordingly, the Court adopts the Report and Recommendation in its entirety, and IT IS ORDERED as follows:

1. Plaintiff's allegations against all Defendants in their official capacity as well as Plaintiff's Count Two Fourteenth Amendment claim, are DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's Count Three failure to protect claim is DISMISSED WITH PREJUDICE.

3. Defendant's motion to dismiss Count One, Plaintiff's First Amendment retaliation claim, is DENIED.

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Case No. 3:20-cv-00294-SLG-KFR, *Joseph v. DOC, et al.*
Order re Moton to Dismiss for Failure to State a Claim
Page 2 of 3
Case 3:20-cv-00294-SLG-KFR   Document 47   Filed 09/01/22   Page 2 of 3

IT IS FURTHER ORDERED that within 30 days of the date of this order, Plaintiff shall file either (1) a notice that she intends to proceed solely on Count One, the First Amendment retaliation claim; or (2) an Amended Complaint that attempts to replead the allegations against Defendants in their official capacity and/or the Fourteenth Amendment claim to correct the deficiencies identified in this order.

DATED this 31st day of August, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00294-SLG-KFR, *Joseph v. DOC, et al.*
Order re Moton to Dismiss for Failure to State a Claim
Page 3 of 3
Case 3:20-cv-00294-SLG-KFR   Document 47   Filed 09/01/22   Page 3 of 3