# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SERENA MICHELLE JOSEPH,

           Plaintiff,

           v.

DEPARTMENT OF
CORRECTIONS, *et al.*,

           Defendants.

Case No. 3:20-cv-00294-SLG-KFR

## ORDER RE OBJECTIONS TO REPORT AND RECOMMENDATION

At Docket 58, Defendants filed a Motion for Summary Judgment Pursuant to Civil Rule 56. Plaintiff responded in opposition to the motion at Docket 73 to which Defendant filed a reply at Docket 76. The motion was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 78, Judge Reardon issued his Report and Recommendation, in which he recommended that the motion be granted. Plaintiff was accorded an opportunity to file written objections to the Report and Recommendation in an order entered on March 28, 2024, but when she failed to timely do so, the Court adopted the Report and Recommendation in its entirety and entered a final judgment on April 26, 2024.[1] Thereafter, Ms. Joseph sought and was granted an extension of time to file the

---

[1] Dockets 84, 86.

objections and eventually did so on August 6, 2024,[2] to which Defendants responded.[3]

The matter is now again before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[4]  A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[5]  However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[6]

The Magistrate Judge recommended that the Court grant the Motion for Summary Judgment. In her objections, Ms. Joseph first addresses the Magistrate Judge's recommendation that Officer Fainuulelei's statements to Ms. Joseph were not adverse actions sufficient to state a retaliation claim.   But apart from simply restating the facts that Ms. Joseph previously alleged and that Magistrate Judge accepted as true for purposes of ruling on the motion, she does not explain why the Magistrate Judge's analysis was erroneous.  Ms. Joseph cites to several cases

---

[2] Docket 92.

[3] Docket 93.

[4] 28 U.S.C. § 636(b)(1).

[5] *Id.*

[6] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Case No. 3:20-cv-00294-SLG-KFR, *Joseph v. DOC, et al.*
Order re Report and Recommendation
Page 2 of 4

in her objections.  But those cases, to the extent relevant to a retaliation claim, support the Magistrate Judge's conclusion.  For example, *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003), held that "[i]nsulting or disrespectful comments directed at an inmate generally do not" constitute adverse actions. And on de novo review, the Court agrees with the Magistrate Judge's analysis of the allegation regarding Ms. Joseph's relocation out of the housing unit—that even if Officer Fainuulelei was involved in the relocation, there is no evidence in the record of a retaliatory motive regarding that action.[7]

With respect to Sergeant Johnston, Ms. Joseph in her objections asserts that her issue with him was not that he interviewed her in front of the other inmates, it "was an added showing of the mismanagement and corruption behind investigating staff misconduct" by "failing to provide [Ms. Joseph] with a written decision of his conclusion" so that Ms. Joseph could exhaust her remedies.[8] But if Ms. Joseph had no viable claim against Officer Fainuulelei for retaliation, as discussed above, then Sergeant Johnston's handling of Ms. Joseph's complaints about the officer is moot.

Ms. Joseph's objections also contain a discussion of personal involvement and appears to link this discussion to her claims against Defendants Booher,

---

[7] Docket 78 at 13-15.

[8] Docket 92 at 3.

Case No. 3:20-cv-00294-SLG-KFR, *Joseph v. DOC, et al.*
Order re Report and Recommendation
Page 3 of 4

Case 3:20-cv-00294-SLG-KFR   Document 94   Filed 08/23/24   Page 3 of 4

Johnson, West and Johnston.[9] But here again, given that Ms. Joseph had no viable claim against Officer Fainuulelei, there can be no viable claim against her supervisors for their handling of Ms. Joseph's grievances against the officer. Further, the Magistrate Judge concluded that these Defendants took action to address the complaints that Ms. Joseph lodged against Officer Fainuulelei and Sergeant Johnston, and that these actions were not "adverse actions for purposes of a First Amendment retaliation claim."[10]  On de novo review, the Court concurs with this analysis.

The Court has reviewed the remainder of the Report and Recommendation and again agrees with its analysis.  Accordingly, the Court again adopts the Report and Recommendation in its entirety. Plaintiff's claims have been DISMISSED with prejudice.  The Final Judgment entered at Docket 86 is REISSUED effective as of this date.

DATED this 23rd day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] Docket 92 at 4.

[10] Docket 78 at 17-18.

Case No. 3:20-cv-00294-SLG-KFR, *Joseph v. DOC, et al.*
Order re Report and Recommendation
Page 4 of 4
Case 3:20-cv-00294-SLG-KFR   Document 94   Filed 08/23/24   Page 4 of 4